May it please the Court. You look familiar. In this case the Board misconstrued the term predicted road section coefficients as if the word predicted was absent from the claim language and further ignored. No, no, no. The difference is that you want to have predicted modified coefficients and they won't have predicted, or the Board wants to have predicted modified road sections. Is that right? Google has made arguments that predicted should modify road sections. I don't read the Board as saying that at all. They're saying that there's some prediction. I think that the Board fairly reading it is saying that the route is predicted. So I guess in a way it is the route sections on the route that is predicted, Your Honor. So your argument is twofold. It's that predicted modifies coefficients and then make another leap that says and therefore must also be dynamic. Correct. Can you tell us about that leap? I can tell you about that leap, Your Honor. A prediction is something that must change over time. It has to be dynamic. It's in the very word predicted. You don't predict something that stands still. It's in the common language. It's the common definition of predict. Speak up a bit, please. Yes, Your Honor. So that is once the road section coefficients are predicted as is properly construed. Again, that goes to that you're using predicted to modify coefficients. Understood, Your Honor. And if I can address that as well, but I don't think it actually is a leap that they have to be dynamic because they are predicted. I think it flows directly logically. Any prediction is something that must change over time. And on the first point, whether predicted modifies road sections or coefficients, Google's expert made this clear when he was asked about the Matsumoto reference and which, because there's a lot of coefficients or multiplicative factors in the two references that are being combined here. And Google's expert, Dr. Brash, was asked what in this mix can actually qualify as a predicted road section coefficient. And he said that the only piece of data in these two references that could qualify as a predicted road section coefficient is the mean required traveling time. This is at appendix 1149. I think that's our motion for observations. And then it's in appendix 880. The deposition testimony was there. That's because this is the only variable in the whole mix that could arguably, and we dispute this, that could arguably be dynamic. We dispute that it actually is because the entirety of Matsumoto is a static calculation. And there's these, I think it's expressed as three words, mean traveling time, and four words in another place, mean required traveling time. There's no discussion of what this term actually means. It's a mystery. And it happens to be in a translated Japanese patent. And it talks totally about static factors, the number of turns on a road segment, the distance of a road segment, the width of a road segment, and then there's this mean traveling time. And in the combination, which Google has challenged the claims with, the combination takes the entirety of the and tries to put it in these three or four words of Matsumoto, which we argue is reconstructing the claim. And it does not make any sense in the context of the two references. This combination starts out with the Zhu reference as the primary reference, and then uses some ideas from Matsumoto about hierarchically computing a route search, doing it in stages for different types of roads. Okay, then from there, they take Matsumoto, which is a different type of calculation. And you can see this in the Matsumoto reference in column one of Matsumoto. And this is at appendix 543. There is this formula for how Matsumoto identifies its route. And it's all these static variables with multiplicative factors. There's weighting coefficients for each of these that are, it says it's greater than or equal to zero. There's, it's somehow this big addition of a distance cost, a mean travel time cost, and a road width cost, each of which are multiplied by some factor of zero or greater than zero. And then there's a fourth term, and these are all summed together, and it's unclear how any of this would work. There's the number of turns, and that's squared. They take that, and they plug Zhu into one of those terms and say, there is your predicted road section coefficient. And there's no description of how this would work, or why this would work, or what you would need to do to either of these references to make it work in this way. And it's circular, taking Zhu, modifying it with Matsumoto, and then somehow taking Matsumoto and modifying it with Zhu in this way. And Zhu is, purports to be a holistic system that comes up with routes and plans them. And if you put that into, this would replace the entire cost function if you wanted to. It would not be any sort of multiplicative factor against which you multiply anything, which is the basis for what is a coefficient. It has to be a multiplicative factor in some sort of equation. And that's how it's disclosed in the 7.8.3 patent. The regular travel times and the current travel times are factors that are, they're multiplied against the theoretical travel time to get you your route calculation. None of this is present here. So the logic, it does not add up that you can combine these references in this way, and it lacks substantial evidence, we argue. And I would ask you, if counsel is going to get up here shortly and argue himself, if counsel can make sense of this equation, how these two fit together, and where Zhu fits into Matsumoto, it would be a good question to ask of counsel, because it's not been described anywhere. Further, Dr. Brash, Google's expert, made the statement that using historical information to determine a likely outcome is how Matsumoto's mean required traveling time works. And in our claim construction argument, in the context of the claims, you will see that these predicted road section coefficients are used to, they are used to compute a route search based on current and statistical section data. If you're only talking about past data and not any current data, then they do not qualify as the predicted road section coefficient in the challenged claims. You do understand that what the patent office determines the prior art says is a question of fact? I understand that, Your Honor. And that under our standard of review, if there's substantial evidence in the record to support patent office, you lose. Understood, Your Honor. It's basically very hard for us to sit up here and tell the patent office, you didn't understand the prior art as well as we do. Understood, Your Honor. I would say in general, the gist of the final written decision misconstrues the term predicted and goes off from there on the tangent. And now they are pointing to save this decision and saying, well, there's one place where we point to where you can put Matsumoto in here, and that's the predicted road section coefficient. And that's what we argue against, not the overall findings of the patent office. May it please the court. The central issue on appeal is whether the limitation reciting predicted road section coefficient should be so narrowly construed such that the term predicted can only mean dynamic or variable. The board considered this argument, fully vetted intrinsic evidence, and determined that the claim language cannot be construed so narrowly. Specifically, in the final written decision, the board noted that MACOR failed to apply any citation to evidence that would support its attempt to import a dynamic or variable restriction into the claim language. The board also explained that MACOR did not point to any portion of the specification showing that dynamic or variable coefficients are required by the claim. That's at 821. As a result, and after having itself reviewed the intrinsic evidence, the board found that the specification quote did not show any intent to limit the term predicted road section coefficients. Let me read you something and have you tell me what's wrong with it. There is a clear difference between the act of predicting something and using that something as a predictor, which the board clearly conflates. The coefficients are themselves predicted. Google makes its contraposition clear in its brief when it equates, quote, predicted road section coefficients, unquote, to road section coefficients that are, quote, capable of predicting or foretelling road section speeds. As the overall claim language of claim one in the specification of the 783 patent make clear, however, quote, predicted road section coefficients, unquote, are coefficients that are themselves predicted and not merely coefficients that are used in a root search. That seemed to me to be the clearest statement of any of you as to what's going on with this predicted coefficients. What's wrong with their explanation? So let me try a three-part answer of that. First, your honor, regardless of whether predicted modifies coefficient, as MACOR argues, or predicted modifies road section, the term predicted, I'm sorry, there's nothing in the specification. There's no lexicography. There's nothing that would satisfy the stringent and demanding standard that a patentee set forth a specific definition that departs from the ordinary meaning. MACOR has not pointed to any of that that would require predicted, regardless of whether it modifies coefficient or modifies road section. There's nothing in the intrinsic evidence that limits that term solely to dynamic or variable. Second, your honor, there's nothing in a patent that ever describes predicting a coefficient. As MACOR, I think, just concedes, what the patent concedes at oral argument and in its brief, the entirety of the patent is predicting an optimal route search. And the way you predict an optimal route search, you forecast what are the best individual road sections or links that not the predicted coefficients. Third, I would suggest, your honors, that regardless of whether, again, predicted modifies coefficient or modifies road sections, the board found that even under MACOR's argument that the Matsumoto reference, disclosure of a mean required travel time, expressly discloses the predicted road coefficient as MACOR characterized it. In particular, in its brief, MACOR repeatedly says that a predicted road coefficient must be an empirical speed coefficient. The board, having evaluated, as your honor noted, under substantial evidence, having evaluated the substance of the prior art, having credited, and having evaluated and credited Dr. Brash's unchallenged testimony, concluded that the mean required travel time in Matsumoto is precisely what is described as a empirical speed coefficient in the 783 patent. So I think, your honors, there's a dispute, but ultimately, regardless of whether predicted modifies coefficient or road section, the judgment should be affirmed. Your answer is it can be a static as well as a dynamic. Right. Predicted, absolutely, your honor. There's nothing that limits predicted to constantly changing. It certainly can. That's certainly one form of a prediction, but it doesn't need to be that way. Okay. Thank you. Unless your honors have any questions, I'll get you back on track, and I ask that you affirm the board's judgment below. Thank you. Your honors, just to address a couple of points raised by counsel, nothing in the patent discusses predicting a route or predicting a search. It talks about predicting conditions within that route and generating the best, fastest route. Predicting the route itself doesn't make sense. There's no... It doesn't make sense in the context of the patent. There's no predicting a route and then weighing it against something. Counsel brought up empirical speed coefficients, and there's a little confusion discussing in the briefing where empirical is used by us to mean real-world data. In the patent, empirical speed coefficients are the regular times. And I would just point out that under the language of the challenge claims that the predicted road section coefficients are used to allow the route search to be computed based on current and statistical section data. If you are limiting the Matsumoto mean required traveling time to statistical data, then you are not meeting the language of the claims. It's lacking. If your honors don't have any questions. Thank you. Thank you very much.